C. L. NORSWORTHY, Jr., Appellant,

v.

Leona MICHELS, Appellee.

No. 3946.

Court of Civil Appeals of Texas.

Eastland.

Feb. 26, 1965.

Biggers, Baker, Lloyd & Carver, Dallas, for appellant.

R. J. Balch, Seymour, for appellee.

COLLINGS, Justice.

Mrs. Leona Michels brought this suit in Knox County against C. L. Norsworthy, Jr. Plaintiff alleged that she contracted and agreed with the defendant to execute an oil and gas lease to the defendant covering her undivided interest in a 215 acre tract of land in Knox County, and that the defendant agreed to pay $5,550.00 as a bonus therefor. The defendant filed a plea of privilege to be sued in Dallas County. Plaintiff filed a controverting plea and after a hearing the plea of privilege was overruled. C. L. Norsworthy, Jr., has appealed.

Mrs. Michels seeks to maintain venue in Knox County under Subdivision 5 of Article 1995, Vernon's Ann.Tex.Civ.St. claiming that her suit for the recovery of money owed as a bonus involves a contract in writing to perform an obligation in Knox County. She also urges that venue lies in Knox County under Subdivision 14 of the Venue Statute, contending that her suit involves the quieting of title to land.

Appellant Norsworthy presents points contending that the court erred (1) in overruling his plea of privilege on the basis of Subdivision 5 of the statute because there was no evidence showing that he contracted in writing to pay the claimed bonus in Knox County as contended by appellee, and (2) erred in overruling his plea of privilege because the evidence failed to show any exception to exclusive venue in the county of one's residence as provided by Article 1995, V.A.T.C.S. and, particularly, that plaintiff's claim to venue under Subdivision 14 of the statute is not tenable.

Mrs. Michels testified that she was the owner in fee simple of a 6/7ths undivided interest in and to 215 acres of land in Knox County as alleged in her petition. She stated that a Mr. Charles W. Shelton called her and inquired concerning the leasing of the land for oil and gas purposes; that several days later she entered into an agreement with him to lease her undivided interest in the land and he requested her to take her abstract to the office of Honorable Tom Bullington an attorney in Munday, Texas and that the necessary papers would be prepared. Mrs. Michels stated that in compliance with Shelton's request she took her abstract to the 215 acre tract of land to Mr. Bullington's office where she met Shelton and after some discussion signed an oil

and gas lease which Shelton had had the attorney to prepare. The lease was introduced in evidence and shows to have been executed by Mrs. Leona Michels, a widow, and the lessee named therein was C. L. Norsworthy, Jr. The lease was not signed by appellant C. L. Norsworthy, Jr. Mrs. Michels also stated that in connection with the execution of the oil and gas lease a draft was prepared and signed by Charles W. Shelton, and she contends that Shelton was the agent of Norsworthy. This draft was introduced in evidence as plaintiff's Exhibit Number 2, and is as follows:

"THE FIRST NATIONAL BANK IN MUNDAY

Oil & Gas Lse attached. Subject to approval of title. Allow 30 days after complete absts. del. to Tom Bullington. Allow reasonable time to cure title defects, if any.

MUNDAY, TEXAS    MARCH 5    1964

Pay to the
order of _____ Leona Michels _____ $5,550.00

Five Thousand Five Hundred Fifty & no/100        DOLLARS
value received and charge to acct of            with exchange

FOR oil & gas Lse covering Leona Michels undivided int. under
215 ac. Sub-survey 1, Original Sur. 12, D. G. Burnett Lands, Knox Co., Texas

TO  C. L. Norsworthy, Jr        )
        Republic National Bank
Dallas, Texas

CHARLES W. SHELTON

For Deposit only—
When paid, credit account of Mrs. Leona Michels.
First National Bank in Munday
Munday, Texas

Mrs. Leona Michels

Pay to the order of
ANY BANK, BANKER OR TRUST CO.
all previous endorsements guaranteed
88743      March 5, 1964      88743

FIRST NATIONAL BANK
     MUNDAY, TEXAS"

———◆———

Mrs. Michels testified that Shelton was present at Mr. Bullington's office in Munday at the time the oil and gas lease and the draft were prepared; that such instruments were both prepared on March 5, 1964, under the direction of Shelton. She stated in effect that she talked with Mr. Shelton concerning Mr. Norsworthy being the lessee and found that Shelton was representing Norsworthy; that after the oil and gas lease was executed by her and the draft signed by Shelton and indorsed by Mrs. Michels the two instruments were placed in the draft envelope and Shelton took them to the bank in Munday for transmission to the Republic National Bank of Dallas, Texas. Mrs. Michels left her abstract with Mr. Bullington for examination and later furnished a supplemental abstract. She stated that after a considerable lapse of time the envelope containing the oil and gas lease and the draft was returned to her by mail from the

Munday bank and that there was attached thereto another instrument or paper which at the trial was designated as Plaintiff's Exhibit Number 3 which is as follows:

"REPUBLIC NATIONAL BANK OF DALLAS

Dallas, Texas          No. 173957

Advice          3 6 64

|  | their date or no. | due | amount |
|---|---|---|---|
| 3 5 64 | 30 days after | | $5,550. |
| | complete abstracts | | |
| | deliver to Tom Bullington | | |

Remarks:

TITLE NOT APPROVED

First National Bank
Munday, Texas

Return unpaid
May 15, 1964
    Reason Below"

———◆———

It is noted that such instrument indicated that the draft was returned unpaid because title was not approved. Mrs. Michels stated that this was the only communication she ever received from anyone relative to the matter and that no one ever told her what was wrong with her title. The record further shows that Mr. Bullington did approve title to the land subject to a showing that Mrs. Michels owned only a 6/7ths undivided interest therein and that there was a lien against the property to secure indebtedness. Mrs. Michels testified that under her agreement with Shelton it was agreeable with Norsworthy to accept the lease even though it is undisputed that she owned only a 12/14 interest in the land and that the other 2/14 interest belonged to minor heirs. There was also evidence to the effect that appellant expected to secure a subrogation agreement from the loan company.

■ We cannot agree with appellee's contention that the record shows that Norsworthy contracted in writing to pay the $5,550.00 bonus payment in Knox County. In the first place there was no written escrow agreement. An oil and gas lease was executed by Mrs. Michels and a draft was prepared and signed by Shelton whom appellee contends was the agent of Nors-

worthy. Regardless of whether Shelton was Norsworthy's agent there is still no written agreement to pay the bonus in Knox County. In Harvey v. Bain, 140 Tex. 375, 168 S.W.2d 234 (Com. of App.), it was stated by Judge Hickman that "The burden was upon the appellee to prove, as a venue fact, in order to bring his case within the rule relied upon, that the appellant accepted these escrow contracts, and not merely to prove that he should have accepted them."

The record is undisputed that the draft was sent to the bank in Dallas for presentment to Norsworthy there for payment, and that Norsworthy did not accept the draft; that on the contrary he refused to pay the draft or to accept the oil and gas lease executed by appellee. Even if the lease had been accepted its terms did not require the payment of the $5,550.00 bonus in Knox County. We sustain appellant's point that the court erred in overruling his plea of privilege on the basis of Subdivision 5 of the Venue Statute.

Appellee also seeks to maintain venue in Knox County under Subdivision 14 of the Venue Statute which provides as follows:

"14. Lands.—Suits for the recovery of lands or damages thereto, or to re-

**106**

move incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Appellee contends that this suit involves the removal of a cloud to her title and the prevention of waste to land. We cannot agree with this contention. To maintain venue in a county under Subdivision 14 a plaintiff has the burden to show that the nature of the suit concerns land as contemplated by the statute and that the land involved is located in the county where suit is brought. Appellee's petition in the instant case does not show a suit for the removal of a cloud from title or to prevent waste of land as contended by appellee. On the contrary, this suit is one to enforce the payment of $5,550.00 which appellee contends that Norsworthy agreed to pay. Appellant's second point is also sustained.

The judgment is reversed and the cause remanded to the District Court with instructions to transfer the suit to the District Court of Dallas County.